■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN FRANCIS CUPPINGER, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Nassau County, entered February 21, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered June 2, 1961 after a jury trial, convicting him of criminally carrying concealed a loaded pistol, and imposing sentence upon him as a third felony offender. Order reversed on the law and the facts, and application remitted to the court below for a hearing and for further proceedings not inconsistent herewith. In his petition, the defendant alleged, *inter alia,* that he was deprived of his right to appeal because: (a) his assigned counsel promised but failed to file and serve a timely notice of appeal from the judgment; and (b) he, the defendant, immediately before sentence, at the time of sentence and for sometime thereafter, was kept under heavy sedation and was not sufficiently in possession of his faculties to permit him to proceed to file and serve a timely notice of appeal or to verify whether his counsel had filed and served such a notice of appeal. The petitioner's present allegations as to his incapacity at the times stated are not contradicted. Under the circumstances, a hearing is required to determine the truth of defendant's claims. Whether defendant ultimately will be entitled to any relief will depend upon the proof adduced, upon the credibility to be accorded to the witnesses, and upon the question of whether the credible evidence supports a finding that the defendant, by reason of his mental or physical incapacity, was in fact disabled from filing and serving a timely notice of appeal or obtaining another person to do so on his behalf (see *People* v. *Barsey,* 21 A D 2d 828, and the cases there cited). Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.